**STATE OF OHIO ex rel. Hon. Fred WILLIAMS et al., Petitioner,**

v.

**Honorable Thomas D. LAMBROS, United States District Judge, et al., Respondents.**

**No. 75–1052.**

United States Court of Appeals, Sixth Circuit.

March 6, 1975.

---

William E. Santen, William B. Singer, Santen, Santen & Hughes, Cincinnati, Ohio, for petitioner.

Frederick M. Coleman, U. S. Atty., Cleveland, Ohio, for respondents.

Before PHILLIPS, Chief Judge, and EDWARDS and LIVELY, Circuit Judges.

PER CURIAM.

The petition for a writ of prohibition or mandamus asks this court to prohibit a three-judge district court from proceeding with a case now assigned to it in the Northern District of Ohio. Also we are asked to issue a writ of mandamus requiring the dismissal of that case for lack of venue, or the transfer of that case to a district court where venue is proper. The district court case is captioned Maria Nespeca v. Mahoning County Board of Elections et al., No. C 75–7–Y.

Named as respondents to the original petition in this court were six of the judges of the United States District Court for the Northern District of Ohio. Thereafter the petition was amended to include as a respondent the Honorable Paul C. Weick, Circuit Judge, who has been designated as a member of the three-judge panel to hear the case now pending in the District Court.

The defendants in the three-judge case are the Board of Elections of Mahoning County, Ohio, and the Attorney General and Secretary of State of Ohio. The complaint challenges the constitutionality of an Ohio statute redistricting the congressional districts of that State, signed by the then Governor of Ohio on January 10, 1975, known as House Bill 44. The complaint further seeks to enjoin the Secretary of State and election officials from conducting under that statute the next primary election for nomination of candidates for the United States Congress, scheduled for June 8, 1976, and the general election for such candidates scheduled for November 2, 1976.

After the filing of said complaint, District Judge Thomas D. Lambros, to whom the case was assigned, determined that the complaint raises substantial constitutional questions and that the matter is required to be heard by a three-judge district court in accordance with the provisions of 28 U.S.C. §§ .2281 and 2284. Pursuant to the certification and request of Judge Lambros, the Chief Judge of the Sixth Circuit, on January 20, 1975, designated a panel composed of Circuit Judge Weick and District Judges Lambros and Ben C. Green, all of whom are named as respondents in the petition for a writ of prohibition or mandamus.

The petition avers that House Bill 44 was never signed by the President of the State Senate, as required by the Constitution of the State of Ohio; that on or about January 13, 1975, a suit was filed in the Court of Common Pleas of Franklin County, Ohio, styled Michael J. Maloney v. James A. Rhodes et al., being case No. 75–CV–01–148, seeking a declaration that the action of the then Governor in signing House Bill 44 was void and ineffective in the absence of the prior signature and certification of the President of the State Senate; and that as a matter of State law House Bill 44 has not become and is not the law of Ohio. Petitioner asserts that the validity of the statute is exclusively a question of State law, to be determined by the State courts of Ohio; that no federal question is presented requiring action by a three-judge federal court; and that the three-judge district court should not be permitted to take any action which will have the effect of usurping and preventing the exercise of the jurisdiction of the State courts of Ohio to determine the issues presented in the action filed in the Court of Common Pleas of Franklin County.

■ The question of congressional redistricting arises under Article I, § 2,

Clause 1, of the Constitution of the United States. This is an issue of federal constitutional law within the jurisdiction of a three-judge district court. Wesberry v. Sanders, 376 U.S. 1, 84 S.Ct. 526, 11 L.Ed.2d 481 (1964). *See also* Wells v. Rockefeller, 394 U.S. 542, 89 S.Ct. 1234, 22 L.Ed.2d 535 (1969); Kirkpatrick v. Preisler, 394 U.S. 526, 89 S.Ct. 1225, 22 L.Ed.2d 519 (1969).

This court concludes that a three-judge district court has been properly convened. The questions of abstention, venue and jurisdiction raised by the petition for a writ of prohibition or mandamus should be addressed to the three-judge district court and not the United States Court of Appeals.

Accordingly, the application for a writ of prohibition or mandamus is denied and the petition is dismissed.